IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRY STALSON,

                           Plaintiff,

    v.                                                                            OPINION and ORDER

WSPF BOSCOBEL/DOC,                                             23-cv-568-wmc

                       Defendants.

---

      Plaintiff Terry Stalson, who is currently incarcerated at Stanley Correctional Institution and representing himself, has filed a lawsuit in which he seeks to sue the Wisconsin Secure Program Facility ("WSPF") in Boscobel, Wisconsin and the Wisconsin Department of Corrections in conjunction with medical issues he experienced from his alleged exposure to black mold at the prison in 2019. Because plaintiff is incarcerated and is proceeding without prepayment of the entire filing fee, the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. When screening an unrepresented litigant's complaint, the court construes the complaint generously, accepting the allegations as true and holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this standard, plaintiff's complaint must be dismissed because it does not comply with the requirements of Federal Rule of Civil Procedure 8, and also appears to be barred by the applicable statute of limitations. Therefore, to avoid dismissal of this lawsuit in its entirety, plaintiff will need to submit an amended complaint that corrects the deficiencies identified below.

OPINION

The court understands plaintiff to seek leave to proceed under 42 U.S.C. § 1983, on claims that WSPF and DOC violated his rights under the Eighth Amendment by failing to timely diagnose and treat his severe reaction to black mold. Specifically, he alleges that soon after he transferred to WSPF in June 2019, he noticed that his allergies and asthma were getting worse. Plaintiff asked Dr. Gavin, who was performing surgery on his rotator cuff, whether WSPF had black mold, but Dr. Gavin did not reply. When plaintiff's symptoms got worse, including his development of a rash, he wrote the Health Service Unit ("HSU"), but he only received ineffective medications for the rash and was not tested for back mold. Eventually, WSPF brought in Dr. Gross, who ordered lab tests that showed plaintiff had been exposed to black mold. Plaintiff alleges that he has suffered permanent respiratory and sinus problems as a result of this exposure. While plaintiff also alleges that HSU management staff overrode some of his previous doctors' orders regarding his treatment, he does not provide any detail about these orders.

As an initial matter, WSPF and DOC are agencies of the State of Wisconsin, which cannot be sued for civil rights violations under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) ("[T]he Eleventh Amendment bars a citizen from suing a state for money damages in federal court without the state's consent."). In addition, plaintiff omits important details about the events that occurred and what individual state actors may have done to violate his constitutional rights. For example, plaintiff does not provide any detail about the lack of treatment for his worsening symptoms and rash, including when they occurred, what happened, and what individual HSU nurses or physicians did or did not do to violate his rights. Because plaintiff's complaint fails

2

to identify a defendant who can be sued and does not provide proper notice of what he believes individual prison officials did to violate his rights, it violates Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

Accordingly, to proceed with this lawsuit, plaintiff will be required to file an amended complaint, focusing only on essential factual allegations, so that the court can evaluate his claims.  Plaintiff must submit a new proposed pleading that includes all of the claims and defendants he wishes to proceed against in this lawsuit.  He should *not* include WSPF or DOC as defendants.  The court has no basis to infer that plaintiff could amend his complaint to save his claims against those defendants from dismissal, so it will not offer him the opportunity to do so.  *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to amend after dismissal of the first complaint unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.").

More practically speaking, in preparing his amended complaint, plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation.  This means that he should explain:  (1) what happened to make him believe he has a legal claim; (2) when each action happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events.  Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements.  As best he can, plaintiff should also tell his story chronologically, inserting allegations related to each defendant at the time in the chronology of events that they became involved.  Plaintiff should not include information not directly related to his claims. He should set forth the most important facts in his case and focus on the main event that was the reason for this suit.

Finally, plaintiff should be aware that his potential claims may be barred by the relevant statute of limitations for § 1983 claims, which is three years in his case. *Pemberton v. Walker*, No. 22-cv-716-wmc, 2024 WL 809981, at *3 (W.D. Wis. Feb. 27, 2024) (For alleged constitutional "injuries that occurred after April 5, 2018, the statute of limitations is three years."). A § 1983 claim accrues "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Because plaintiff alleges that the events underlying his lawsuit occurred in 2019, the statute of limitations on his constitutional claims would have expired three years later, in 2022, meaning that the complaint executed by plaintiff on August 18, 2023, is late by almost a year. To proceed, plaintiff will need to explain how his claims are timely. Unless he can show that the timeline of events extended beyond 2019, or that some other statute of limitations applies and saves his claims, his only option appears to be equitable tolling, which is granted sparingly and in extraordinary circumstances upon a showing that plaintiff pursued litigation with due diligence. Accordingly, if plaintiff chooses to file an amended complaint, he must explain whether equitable tolling applies to his case, or whether there is some other reason to reconsider the discussion above regarding the statute of limitations.

If plaintiff submits a proposed amended complaint no later than January 28, 2025, the court will take it under advisement for screening.

ORDER

IT IS ORDERED that:

1) Plaintiff Terry Stalson's complaint is DISMISSED without prejudice under Federal Rule of Civil Procedure 8.

2) Plaintiff has until **January 28, 2025**, to file an amended complaint and respond to this order as directed above. If plaintiff fails to respond to this order by that date, the court will dismiss his claims without prejudice under Fed. R. Civ. P. 41(b), for failure to prosecute.

Entered this 7th day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge